UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 11337 EFH
CIVIL ACTION NO.

| | |
|---|---|
| TIFFANY MIRANDA and<br>BENJAMIN MIRANDA,<br>Plaintiffs<br><br>vs.<br><br>A.C. MOORE ARTS & CRAFTS, INC.,<br>Defendant | MAGISTRATE JUDGE Alexander<br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

This is a 28 U.S.C. §1332 Diversity of Citizenship Action sounding in Tort and set forth in ten (10) Counts. The Plaintiffs seek Ten Million ($10,000,000.00) Dollars in redress and compensation for the sexual assault and battery and rape of the Plaintiff, Tiffany Miranda (hereinafter: "Mrs. Miranda") as well as the life-altering psychological pain and suffering caused thereby to Mrs. Miranda and the concomitant, derivative damages for her husband, the Plaintiff, Benjamin Miranda (hereinafter: "Mr. Miranda") caused by the tortious acts, practices, omissions and negligence of the Defendant, A.C. Moore Arts & Crafts, Inc. (hereinafter: "ACM").

## PARTIES

1. The Plaintiffs, Mr. and Mrs. Miranda, are husband and wife and at all times material hereto were residents of 224 Main Street, Apartment 15, Dennisport, Town and County of Barnstable, Massachusetts.

2. The Defendant, ACM, is a business corporation duly incorporated within the State of Pennsylvania and at all times material hereto maintained its principal place of business and business corporation headquarters at 500 University Court in Blackwood, Camden County, New Jersey. ACM maintains one of some seventy (70) retail stores in Hyannis, in the Town and County of Barnstable, Massachusetts.

## JURISDICTION

3. Jurisdiction of this Honorable Court – inter alia – is based upon 28 U.S.C., Section 1332, Diversity of Citizenship, as the amount in controversy well exceeds the sum or value of $75,000.00 exclusive of interests and costs, diversity of citizenship exists between the parties, and the Defendant, ACM, which maintains a large retail store in Hyannis, Barnstable County, Massachusetts, is clearly subject to this Court's jurisdiction.

## STATEMENT OF FACTS

4. On or about June 15, 2001, Mrs. Miranda was employed at the Hyannis, Massachusetts ACM retail store which – upon information and belief – encompasses 18,000 square feet of selling space alone.

5. As of June 15, 2001, despite the large size of this retail store and the obvious responsibilities the operation of the same entailed, the ACM Supervisor for said store, one Russell Harris (hereinafter: "Mr. Harris"), had regularly and habitually left work early on certain evenings as ACM knew or should have known in the proper and safe and secure operation of its large retail Hyannis store facility.

6. As of June 15, 2001, ACM knew or should have known that Mr. Harris habitually left ACM's Hyannis store early and should have prevented this routine, reckless conduct of Mr. Harris.

7. On the evening of Friday, June 15, 2001 Mr. Harris left work early thereby allowing the Hyannis facility to be unsupervised and leaving Mrs. Miranda in the presence of another co-employee, one Anthony Domenichelli (hereinafter: "Mr. Domenichelli").

8. At said time and place Mr. Domenichelli upon the clear and express pretext of requiring Mrs. Miranda's assistance for the performance of certain tasks and duties which were within his scope of employment (as he told Mrs. Miranda that he had tasks he needed her assistance in which were of the kind he was employed to perform by ACM and said tasks would have occurred substantially within the authorized time and space limits and motivated at least in part by a purpose from which ACM would have been served and from which ACM would have benefitted), lured Mrs. Miranda into a remote section of the large Hyannis store, in the back or rear of the store where the Framing Department was, and thereafter violently sexually assaulted, battered and raped Mrs. Miranda.

9. As a result of this terrifying and traumatic incident Mrs. Miranda has to date suffered psychologically on a daily basis, has been unable to attend to her usual activities and for long periods of time has been unable to work at any potential job site because of the trauma inflicted upon her by this incident.

### COUNT I – ACM NEGLIGENCE/VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT MASSACHUSETTS GENERAL LAWS CHAPTER 12, SECTIONS 11H-11I/SEXUAL ASSAULT AND BATTERY

10. The Plaintiffs repeat and reallege as part of this Count each and every allegation contained in paragraphs numbered one (1) through nine (9) with the same force and effect as though fully set forth herein.

11. The catastrophic, life-altering and traumatic sexual assault and battery upon Mrs. Miranda, as afore-described, on June 15, 2001, was clearly the result of the intentional, violent acts of ACM's employee or agent who, with the express pretext of acting on behalf of ACM and within the scope of his employment, not only assaulted, battered and raped Mrs. Miranda but violated her Civil Rights as secured and protected by the Massachusetts Civil Rights Act, Chapter 12, §§ 11H- through I.

12. Prior to this assault, battery and rape, the Plaintiff, Mrs. Miranda, was an energetic, happy, well-adjusted individual and wife, fully capable of an active, healthy and vital lifestyle. As the direct and proximate result of the afore-described sexual assault, battery and rape for which ACM is vicariously liable, Mrs. Miranda suffered and will continue to suffer from a catastrophic and life-altering attack with concomitant and continuing severe psychological pain and suffering. Mrs. Miranda has been profoundly affected in all her life's activities as a result of this totally unnecessary violent attack. Mrs. Miranda has further been caused to seek professional assistance to deal with the effects of this traumatic attack and has been psychologically hampered from seeking further employment. Moreover, Mrs. Miranda's general ability to enjoy life and engage in her normal activities has been critically and permanently impaired and she suffers from chronic, daily depression, generalized fear and hopelessness which have acutely diminished her quality of life.

WHEREFORE, THE PLAINTIFF, TIFFANY MIRANDA, DEMANDS JUDGMENT AGAINST THE DEFENDANT, ACM, IN THE AMOUNT OF TEN MILLION ($10,000,000.00) DOLLARS TOGETHER WITH INTEREST AND ALL COSTS OF THIS ACTION.

### COUNT II – ACM NEGLIGENCE/VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT MASSACHUSETTS GENERAL LAWS CHAPTER 12, SECTIONS 11H-11I/SEXUAL ASSAULT AND BATTERY/ LOSS OF CONSORTIUM

13. The Plaintiff, Benjamin Miranda, is the husband of the Plaintiff, Mrs. Miranda, and repeats and realleges as part of this count each and every allegation contained in paragraphs one (1) through twelve (12) with the same force and effect as though fully set forth herein.

14. As the direct and proximate result of the sexual assault, battery and rape engendered by the tortious conduct of ACM as hereinabove set forth in detail, the Plaintiff, Mrs. Miranda, has been caused critical and permanent pain and suffering for the balance of her life, and, as a direct and proximate result thereof the Plaintiff, Mr. Miranda, has been caused to suffer the continuing and permanent loss of his wife's otherwise normal and usual society, companionship, care, protection, assistance, advice, consortium and intimate relationship and/or the critical impairment thereof for the balance of Mrs. Miranda's life.

WHEREFORE, THE PLAINTIFF, MR. MIRANDA, DEMANDS JUDGMENT AGAINST THE DEFENDANT, ACM, IN THE AMOUNT OF TEN MILLION ($10,000,000.00) DOLLARS TOGETHER WITH INTEREST AND ALL COSTS OF THIS ACTION.

### COUNT III – ACM RATIFICATION OF EMPLOYEE'S INTENTIONAL TORT

15. The Plaintiffs repeat and reallege as part of this Count each and every allegation contained in paragraphs numbered one (1) through fourteen (14) with the same force and effect as though fully set forth herein.

16. ACM ratified the intentional tort of Mr. Domenichelli by failing to investigate and discipline said employee and by failing to disavow Mr. Domenichelli's unauthorized action and to mitigate the harm caused to Mrs. Miranda once the facts surrounding Mr. Domenichelli's violent sexual assault, battery and rape upon Mrs. Miranda were ascertained.

17. As a result of ACM's ratification of Mr. Domenichelli's aforesaid intentional torts Mrs. Miranda's above-described pain and suffering was augmented and exacerbated.

WHEREFORE, THE PLAINTIFF, MRS. MIRANDA, DEMANDS JUDGMENT AGAINST THE DEFENDANT, ACM, IN THE AMOUNT OF TEN MILLION ($10,000,000.00) DOLLARS TOGETHER WITH INTEREST AND ALL COSTS OF THIS ACTION.

## COUNT IV – ACM RATIFICATION OF EMPLOYEE'S INTENTIONAL TORT/LOSS OF CONSORTIUM

18. The Plaintiff, Mr. Miranda, is the husband of the Plaintiff, Mrs. Miranda and repeats and realleges as part of this Count each and every allegation contained in paragraphs one (1) through seventeen (17) with the same force and effect as though fully set forth herein.

19. As the direct and proximate result of the aggravation and exacerbation of Mrs. Miranda's pain and suffering as outlined in the previous Count III, given the critical and permanent affects upon Mrs. Miranda, the Plaintiff Mr. Miranda has been caused to suffer the permanent loss of his wife's otherwise normal and usual society, companionship, care, protection, assistance, advice, consortium and intimate relationship and/or the critical impairment thereof for the balance of Mrs. Miranda's life.

WHEREFORE, THE PLAINTIFF, MR. MIRANDA, DEMANDS JUDGMENT AGAINST THE DEFENDANT, ACM, IN THE AMOUNT OF TEN MILLION ($10,000,000.00) DOLLARS TOGETHER WITH INTEREST AND ALL COSTS OF THIS ACTION.

## COUNT V – ACM NEGLIGENCE

20. The Plaintiff, Mrs. Miranda, repeats and realleges as part of this Count each and every allegation contained in paragraphs numbered one (1) through nineteen (19) with the same force and effect as though fully set forth herein.

21. As the direct result of the negligence of ACM in failing to implement and enforce measures whereby a Supervisor was at the Hyannis store at all times and in this instance ACM's failing to correct the risks and dangers precipitated by the Supervisor's, Russell Harris's, regular and habitual practice of routinely shirking his duties and leaving the huge Hyannis store well before he was authorized to, the otherwise totally avoidable heinous and reasonably foreseeable conduct of Mr. Domenichelli, to wit, his violent sexual assault, battery and rape of Mrs. Miranda, was engendered and actualized to the devastating physical and ongoing psychological harm of Mrs. Miranda.

WHEREFORE, THE PLAINTIFF, MRS. MIRANDA, DEMANDS JUDGMENT AGAINST THE DEFENDANT, ACM, IN THE AMOUNT OF TEN MILLION ($10,000,000.00) DOLLARS TOGETHER WITH INTEREST AND ALL COSTS OF THIS ACTION.

### COUNT VI – ACM NEGLIGENCE/ LOSS OF CONSORTIUM

22. The Plaintiffs repeat and reallege as part of this Count each and every allegation contained in paragraphs numbered one (1) through twenty-one (21) with the same force and effect as though fully set forth herein.

23. As the direct and proximate cause of the negligence of ACM as above-detailed ACM effectively allowed Mr. Domenichelli to foreseeably sexually assault, batter and rape Mrs. Miranda to her great physical and psychological harm and detriment. Accordingly, the Plaintiff, Mr. Miranda, has been caused to suffer the permanent loss of his wife's otherwise normal and usual society, companionship, care, protection, assistance, advice, consortium and intimate relationship and/or the critical impairment thereof for the balance of Mrs. Miranda's life.

WHEREFORE, THE PLAINTIFF, MR. MIRANDA, DEMANDS JUDGMENT AGAINST THE DEFENDANT, ACM, IN THE AMOUNT OF TEN MILLION ($10,000,000.00) DOLLARS TOGETHER WITH INTEREST AND ALL COSTS OF THIS ACTION.

### COUNT VII – ACM VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 93A

24. The Plaintiffs repeat and reallege as part of this Count each and every allegation contained in paragraphs numbered one (1) through twenty-three (23) with the same force and effect as though fully set forth herein.

25. ACM's acts and practices in this instance in failing to comply with its own existing safety rules, regulations and guidelines promulgated for the protection of any consumer/person within the ACM premises (originally generated in part upon information and belief to comply with Massachusetts Law) created a situation which invited and engendered certain foreseeable risks and dangers in the operation of a retail store of such enormous size and said failure proximately allowed and caused the traumatic sexual assault, battery and rape which occurred on the person of Mrs. Miranda to her great physical and psychological harm and suffering.

WHEREFORE, THE PLAINTIFF, MRS. MIRANDA, DEMANDS JUDGMENT AGAINST THE DEFENDANT, ACM, IN THE AMOUNT OF TEN MILLION ($10,000,000.00) DOLLARS TOGETHER WITH INTEREST AND ALL COSTS OF THIS ACTION AND FURTHER DEMANDS PUNITIVE DAMAGES BY AN AWARD OF DOUBLE OR TREBLE THE ACTUAL DAMAGES FOUND AS WELL AS ATTORNEY AND EXPERT FEES.

### COUNT VIII - ACM VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 93A/LOSS OF CONSORTIUM

26. The Plaintiffs repeat and reallege as part of this Count each and every allegation contained in paragraphs numbered one (1) through twenty-five (25) with the same force and effect as though fully set forth herein.

27. As a direct and proximate result of ACM's violation of the Massachusetts Consumer Protection Statute, Massachusetts General Laws, Chapter 93A as afore-described, Mrs. Miranda was caused to suffer a heinous sexual assault, battery and rape which has profoundly affected her for the balance of her life. The Plaintiff, Mr. Miranda, has accordingly been caused to suffer the permanent loss of his wife's otherwise normal and usual society, companionship, care, protection, assistance, advice, consortium and intimate relationship and/or the critical impairment thereof for the balance of Mrs. Miranda's life.

WHEREFORE, THE PLAINTIFF, MR. MIRANDA, DEMANDS JUDGMENT AGAINST THE DEFENDANT, ACM, IN THE AMOUNT OF TEN MILLION ($10,000,000.00) DOLLARS TOGETHER WITH INTEREST AND ALL COSTS OF THIS ACTION AND FURTHER DEMANDS PUNITIVE DAMAGES BY AN AWARD OF DOUBLE OR TREBLE THE ACTUAL DAMAGES FOUND AS WELL AS ATTORNEY AND EXPERT FEES.

### COUNT IX – ACM'S NEGLIGENT HIRING AND RETENTION

28. The Plaintiffs repeat and reallege as part of this Count each and every allegation contained in paragraphs numbered one (1) through twenty-seven (27) with the same force and effect as though fully set forth herein.

29. Upon information and belief, ACM negligently hired and/or retained either or both of Mrs. Miranda's co-employees, Mr. Domenichelli and her Supervisor, Mr. Harris, when ACM knew or should have known that either or both of said co-

employees were persons unworthy by their habits, immaturity, irresponsibility, temperament or nature to deal with other persons including in this instance Mrs. Miranda invited to the Hyannis retail store premises by ACM.

30. ACM's knowledge – upon information and belief – of the past acts of impropriety, immaturity, irresponsibility, violence, or disorder on the part of either or both of said employees was sufficient to forewarn ACM that said co-employees' employment should not have been continued as it was up and until the date of the perpetration of the heinous sexual assault and battery and rape of Mrs. Miranda on June 15, 2001.

31. The foregoing is *a fortiori* evident given that the aforesaid Mr. Harris regularly, routinely and habitually left the huge Hyannis ACM retail store/premises totally unsupervised notwithstanding the foreseeable risks and dangers engendered by such tortious conduct.

32. As a direct and proximate result of ACM's negligent hiring and retention of one or both of the aforesaid employees, upon information and belief, Mrs. Miranda was assaulted, battered and raped on June 15, 2001 and has thereby incurred extreme physical and severe, ongoing psychological pain and suffering.

WHEREFORE, THE PLAINTIFF, MRS. MIRANDA, DEMANDS JUDGMENT AGAINST THE DEFENDANT, ACM, IN THE AMOUNT OF TEN MILLION ($10,000,000.00) DOLLARS TOGETHER WITH INTEREST AND ALL COSTS OF THIS ACTION.

## COUNT X – ACM'S NEGLIGENT HIRING AND RETENTION/ LOSS OF CONSORTIUM

33. The Plaintiff, Mr. Miranda, is the husband of Mrs. Miranda, and repeats and realleges as part of this Count each and every allegation contained in paragraphs numbered one (1) through thirty-two (32) with the same force and effect as though fully set forth herein.

34. As the direct and proximate result of the negligence of the Defendant, ACM, as hereinabove set forth in detail, the Plaintiff, Mrs. Miranda, was caused critical and permanent physical and psychological pain and suffering for the balance of her life. Accordingly, Mr. Miranda has been caused to suffer the permanent loss of his wife's otherwise normal and usual society, companionship, care, protection, assistance, advice, consortium and intimate relationship and/or the critical impairment thereof for the balance of her life.

WHEREFORE, THE PLAINTIFF, MR. MIRANDA, DEMANDS JUDGMENT AGAINST THE DEFENDANT, ACM, IN THE AMOUNT OF TEN MILLION ($10,000,000.00) DOLLARS TOGETHER WITH INTEREST AND ALL COSTS OF THIS ACTION.

## PLAINTIFF'S DEMAND FOR TRIAL FOR JURY

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, RULE 38, THE PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY OF ALL ISSUES IN THIS ACTION TRIABLE OF RIGHT BY A JURY.

Plaintiffs, Tiffany Miranda and Benjamin Miranda,
By their Attorney,

Anthony R. Bott, Esq.
BBO # 040450
Anthony R. Bott, P.C.
Eight Beach Road
P.O. Box 1137
East Orleans, MA 02643
(508) 240-2700

Dated: June 15, 2004