<u>EXHIBIT A</u>

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

<u>CIVIL ACTION NO.: 04 11337 EFH</u>

| | |
|---|---|
| TIFFANY MIRANDA and <br> BENJAMIN MIRANDA, <br>     Plaintiffs <br><br> vs. <br><br> A.C. MOORE ARTS & CRAFTS, INC., <br>     Defendant | AFFIDAVIT OF PLAINTIFFS' <br> COUNSEL, ANTHONY R. BOTT |

I, Anthony R. Bott, Counsel for the Plaintiffs in the above-captioned action, on oath depose and say as follows in support of the attached <u>Motion to Reconsider Case Dismissal</u>:

1. On or about October 4, as I was aware as Plaintiffs' Counsel that the 120 day period allowed by FRCP, Rule 4 would terminate as of October 13, 2004, I forwarded by Federal Express to the Deputy Sheriff's Office of Camden County in the State of New Jersey specific correspondence requesting expedited service citing within said correspondence the pending service deadline (true copy of said correspondence attached hereto and incorporated herein as <u>Exhibit 1</u>);

2. The aforesaid correspondence to the Deputy Sheriff of Camden County, State of New Jersey was in follow-up to numerous conversations with said Sheriff's office wherein the employees at said office assured me that not only would they expedite appropriate service upon the corporate Defendant as requested within the

forwarded correspondence but that they would then forthwith forward directly to this Court an original <u>Affidavit of Service</u> (i.e. <u>Proof of Service</u>) together with the extra enclosed, original Summons which I provided to them along with said correspondence;

3. Thereafter, as I was naturally concerned about the progress of said Deputy Sheriff's Office in effecting the service requested and given the limitation in time, I made numerous calls to the Deputy Sheriff's Office at which time I finally reached a Sergeant Bell on Friday, October 8, 2004, who indicated to me that she had successfully served the Corporate Defendant, A.C. Arts & Crafts, Inc., by delivering to a Managing Agent the appropriate documents as instructed on Thursday, October 7, 2004, and that an appropriate original <u>Affidavit of Service</u> would be immediately forwarded directly to this Court.

4. Because I relied upon the representations of Sergeant Bell and said Deputy Sheriff's Office that they would immediately forward their appropriate <u>Proof of Service</u> to this Court, I assumed that the matter was taken care of as they assured me it was;

5. Thereafter, I finally received at this office an original <u>Affidavit of Service</u> which indeed indicated that on October 7, 2004 appropriate service was made on a managing agent of the Defendant on October 7, 2004; however, said <u>Affidavit of Service</u> was not duly sworn to and subscribed before a New Jersey Notary Public until October 19, 2004, and based upon conversation with the Courtroom Clerk, Ms. Sandra Holahan, I first learned only on Thursday, October 26, 2004 that in

fact the Court had never duly received a separate, original <u>Affidavit of Service</u>, presumably comparable to the **<u>original Affidavit of Service now appended hereto and incorporated herein as Exhibit 2</u>**;

6. As <u>Exhibit 2</u> indicates on its face, service in accord with the dictates of the Federal Rules of Civil Procedure was effected on October 7, 2004 as sworn to by Deputy Sheriff Sergeant Bell of the Camden County Sheriff's Office for the State of New Jersey and therefore indeed appropriate service was consummated within the time period required by FRCP, Rule 4; and, it was only because I was repeatedly assured by the Camden County Sheriff's Office that they would forthwith forward to this Court an original <u>Affidavit of Service</u> (or <u>Proof of Service</u>) in a timely fashion that I did not immediately forward the original that I received at my office.

Signed under the pains and penalties of perjury this 2nd day of November, 2004.

Anthony R. Bott, Esq.
BBO # 050540
Anthony R. Bott, P.C.
Eight Beach Road
P.O. Box 1137
East Orleans, MA 02643
(508) 240-2700