UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TIFFANY MIRANDA and
BENJAMIN MIRANDA,

                              Plaintiffs            C.A. No. 04-11337-EFH
                                                    BBO# 554526
                        v.                          BBO# 657559

A.C. MOORE ARTS & CRAFTS, INC.
                              Defendant.

## DEFENDANT A.C. MOORE ARTS & CRAFTS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT

The defendant, A.C. Moore Arts & Crafts, Inc. ("A.C. Moore"), in the above-captioned diversity action hereby files this Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). Applying Massachusetts law to the Plaintiffs' Complaint, as mandated by Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938), all counts of the Complaint are barred, precluded or otherwise require dismissal.

**I.**               **BACKGROUND**

On June 15, 2004, the last day of the applicable statute of limitations, Tiffany Miranda and her spouse Benjamin Miranda ("Plaintiffs") in this action commenced this action against A.C. Moore by filing a ten (10) count complaint in the United States District Court for Massachusetts. See Plaintiffs' Complaint attached hereto as Exhibit "A". This action arises out of an alleged rape and sexual assault of Tiffany Miranda while in the course of her employment with the defendant, A.C. Moore, by a co-

1

employee, Anthony Domenichelli. All of the Plaintiffs' claims are based upon
Massachusetts' law.

Jurisdiction is premised on diversity of citizenship as the Plaintiffs' are residents
of Massachusetts and the defendant is a foreign corporation with its principal place of
business in New Jersey. Plaintiffs' allege that while Mrs. Miranda was working at an
A.C. Moore store located in Hyannis, Massachusetts on the evening of June 15, 2001, she
was violently and sexually assaulted, battered and raped by a co-employee who is not a
defendant in this action. Id. at par. 4-8. As a result of said sexual assault, Mrs. Miranda
has claimed both physical and psychological damages and her husband has asserted
derivative loss of consortium claims. Id. at par. 9.

Plaintiffs ten count complaint asserts claims against the defendant for negligence,
violation of the Massachusetts Civil Rights Act, and 93 Violations, five counts are
asserted by Mrs. Miranda and five by Mr. Miranda which mirror those of his wife's and
are premised on loss of consortium. Id. Counts I - X. Despite alleging Massachusetts
civil rights violations which must be brought pursuant to Massachusetts General Law c.
151B "G.L. c. 151B", the plaintiffs have failed to assert any facts indicating that Tiffany
Miranda has exhausted her administrative remedies as required by G.L. c. 151B.[1]

The defendant, A.C. Moore contends that the Plaintiffs' Complaint must be
dismissed on the following grounds:

1)    Count I of Plaintiff's Complaint, alleging violations of Tiffany Miranda's
      civil rights, is barred since she has failed to exhaust her administrative
      remedies with the Massachusetts Commission Against Discrimination
      ("MCAD") as mandated by G.L. c. 151B; Green v. Wyman-Gordon
      Company, 422 Mass 551 (1996); Doe v. Purity Supreme, Inc., 422 Mass
      563 (1996)

---

[1] Under Massachusetts law, G.L. c. 151B sec. 5, the plaintiffs were required to file a complaint with the
Massachusetts Commission Against Discrimination within six months of the alleged violation of the
Massachusetts Civil Rights Act. See, Counts I and II of the Complaint.

2)   Counts III, V, and IX of Plaintiffs' Complaint, alleging common law claims of negligence and intentional torts by Tiffany Miranda against her employer, A.C. Moore, are barred by the Massachusetts Workers Compensation Act, G.L. c. 152; Id.

3)   Count VII of the Plaintiffs' Complaint, alleging a violation of G. L. c. 93A by Mrs. Miranda against her employer, A.C. Moore, is not a recognized cause of action under Massachusetts law; Doe v. Purity Supreme, Inc., 422 Mass at 568; and

4)   Counts II, IV, VI, VIII, and X of the Plaintiffs' Complaint, alleging loss of consortium on behalf of Mr. Miranda for his wife's injuries must be dismissed since they are derivative of his wife's claims which are themselves barred. Sena v. Commonwealth, 417 Mass. 250, 264 (1994).

## II.                           ARGUMENT

A.   Motion to Dismiss Standard

In considering a motion to dismiss pursuant to the federal rules of civil procedure, a court must take well-pled factual allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiff.  Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).  The court, however, need not credit "bald assertions, unsupportable conclusions, and opprobrious epithets."  Chongris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir. 1987) quoting Snowden v. Hughes, 321 U.S. 1, 10 (1944), cert. denied, 483 U.S. 1021 (1987). Dismissal is appropriate if "it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory."  Langadinos v. American Airlines, Inc., 199 F. 3d 68, 69 (1st Cir. 2000).

B.   The Law of Massachusetts Must Be Applied
     In This Case Due To The Court's Exercise
     Of Diversity Jurisdiction

The United States Supreme Judicial Court has held that where a federal court exercises diversity jurisdiction over the parties, such as in this case, the substantive laws of the forum state must be applied.  See Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

3

"In all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation should be substantially the same, so far as legal rules determine the outcome of the litigation, as it would be tried in a State Court." Guaranty Trust Co. v. York, 326 U.S. 99, 109 (1945) *construing* Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

In the landmark case, Erie R. Co. v. Tompkins, the Supreme Court ruled that courts exercising diversity jurisdiction over the parties must "apply the law of the State" "except in matters governed by the Federal Constitution or by Acts of Congress." 304 U.S. at 78 *cited in* Walker v. Armco Steel Corporation, 446 U.S. 740, 745 (1980). The Court's decision in Erie, was premised on the notion that courts "exercising jurisdiction solely because of the diversity of citizenship of the parties" should formulate an outcome that is "substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." Id. at 109.

In the instant case, this Court maintains jurisdiction over the parties solely on the basis of diversity jurisdiction. The Plaintiffs have not alleged any violations of federal law in their Complaint. Accordingly, and pursuant to the Supreme Court's holdings in Erie and Walker, *supra*, this Court must apply the substantive laws of Massachusetts and "formulate an outcome…that is substantially the same…as it would be if tried" in Massachusetts. Erie, *supra*, 304 U.S. at 109.

      C.    Count I of the Plaintiffs' Complaint, Alleging Violations Of The Massachusetts' Civil Rights Act Chapter 12 Secs. 11H-I By Tiffany Miranda Against Her Employer, A.C. Moore, Is Barred By The Exclusivity Provision Of G.L. c. 151B And Plaintiff's Failure To Exhaust Her Administrative Remedies

Count I of the Plaintiffs' Complaint alleging violations of the Massachusetts Civil Rights Act ("Civil Rights Act") must be dismissed since the plaintiff, Tiffany Miranda,

4

has failed to exhaust her administrative remedies with the Massachusetts Commission

Against Discrimination ("MCAD") as mandated by G.L. c. 151B. Green v. Wyman-

Gordon Company, 422 Mass. 551 (1996)(holding that G.L. c. 151B and MCAD provide

the sole remedy for alleged violations of the Civil Rights Act, specifically sec. 11I). All

victims of sexual harassment by their employers or their agents have a remedy under G.

L. c. 151B. Section 5 of G. L. 151 B provides for a six-month statute of limitations for

the filing of a complaint before the Massachusetts Commission Against Discrimination.

Section 9 of G.L. c. 151B further permits an aggrieved party to file a civil action only if

an MCAD complaint was timely filed, the administrative process is followed, and the

civil action is commenced within three years from the alleged harm. See G.L. c. 151B

sec. 9 (emphasis added). Pursuant to Massachusetts' law, claims alleging violations of

the Civil Rights Act, G.L. c. 12 secs. 11H-I, premised on sexual harassment, or sexual

assault in the workplace must be brought as violations of G.L. c. 151B. Green v. Wyman-

Gordon, 422 Mass. at 554-555; Doe v. Purity Supreme, Inc. et al., 422 Mass. 563, 567

(1996).

        In Green v. Wyman-Gordon, supra, the Supreme Judicial Court of Massachusetts

specifically held that "employees who are victims of sexual harassment by their

employers or their agents have a remedy under G.L. c. 151B." Green v. Wyman-Gordon,

422 Mass. at 554. The plaintiff in Green alleged that she was sexually harassed for a

period of three years while at work and therefore, brought claims under the

Massachusetts Civil Rights Act, G. L. c. 12 sec. 11H-I, among other statutes. Id. at 552.

In affirming the lower court's award of summary judgment for the defendant, the Court

held that the "exclusive statutory remedy for the plaintiff in this case was that provided

by c. 151B" which mandates that the plaintiff file a complaint with MCAD <u>within six months of the alleged violation</u>. <u>Id</u>. at 554. (emphasis added).

In <u>Doe v. Purity Supreme, Inc.</u>, *supra*, the plaintiff brought an action against her former employer for injuries suffered from being raped and sexually assaulted by a co-employee while at work. The Court held that for the reasons set forth in <u>Green v. Wyman-Gordon</u>, supra, plaintiff's civil rights claims under G.L. c. 12 were barred by the exclusivity provision of G.L. c. 151B. <u>Id</u>. at 567 *citing* <u>Charland v. Muzi Motors, Inc.</u>, 417 Mass. 580 (1994)(holding that claims brought under G.L. c. 12 sec. 11H-11I "do not create an independent right to vindicate an alleged wrong which might have been the subject of an investigation and possible vindication under G.L. c. 151B") (internal citations omitted).

Moreover, a plaintiff cannot remedy a failure to exhaust administrative remedies by filing a complaint late with the MCAD. <u>Flynn v. New England Telephone Co.</u>, 615 F. Supp. 1205, 1208 (D. Mass 1985). In <u>Flynn</u>, this Court dismissed the portion of the plaintiff's complaint alleging age discrimination under sec. 151B because he had failed to file a complaint with MCAD within the applicable six-month period. <u>Id</u>. Despite filing his complaint with MCAD only two months late, the District Court held his 151B claim to be barred and he was precluded from refiling a civil action under 151B sec. 9. <u>Id</u>.

In the instant case, the plaintiff has alleged violations of the Massachusetts Civil Rights Act, G.L. c. 12 Secs. 11H-11I. <u>See</u> Count I of the Complaint. However, Tiffany Miranda has failed to allege any facts to suggest that she exhausted her statutory remedies by filing a timely complaint with MCAD pursuant to G.L. c. 151B, a prerequisite to the filing of any civil action under Massachusetts' law. As set forth above, violations of the Massachusetts' Civil Rights Act, specifically those alleged by the Plaintiffs, must be

addressed first by the MCAD prior to bringing a civil action pursuant to G.L. c. 151B sec.

9. Green v. Wyman-Gordon, *supra*; Doe v. Purity Supreme, *supra*. Since Count I of the

Plaintiffs' Complaint would be barred if brought before a Massachusetts Court, it is

likewise barred in this Court. Erie R. Co. v. Thompkins, 304 U.S 64, 78 (1938).

Accordingly, Count I of the Plaintiffs' Complaint must be dismissed.

> D.   Counts III, V and IX Of The Plaintiffs'
>      Complaint, Asserting Claims For Negligence and
>      Intentional Torts Against Her Employer Are Barred
>      By The Massachusetts Workers' Compensation
>      Statute, G.L. c. 152

Counts III, V and IX of the Plaintiffs' Complaint are premised upon claims of

common law negligence, tort and negligent hiring and retention and are wholly barred by

the Massachusetts Workers' Compensation Act, G.L. c. 152. Green v.Wyman-Gordon,

*supra*, 422 Mass. at 558; Doe v. Purity Supreme, Inc., 422 Mass at 566.  Section 24 of the

Workers Compensation Act precludes any actions against an employer by an employee

for "common law claims for negligence" and intentional torts such as "assault and

battery," specifically those founded on sexual assault in the workplace. Id.  In Green

v.Wyman-Gordon, the Supreme Judicial Court held that the Workers' Compensation Act

bars common law negligence claims when the "the plaintiff is shown to be an employee",

her "condition is shown to be a 'personal injury' within the meaning" of the act and "the

injury is shown to have arisen 'out of and in the course of…employment." 422 Mass. at

558 *citing* Foley v. Polaroid Corp., 381 Mass. 545, 548-549 (1980) *quoting* G.L. c. 152, §

26.

Addressing the identical issue as in the case at bar, the Supreme Judicial Court in

Doe v. Purity Supreme, *supra*, held that "injuries resulting from a rape or other sexual

assault are 'personal injuries' within the meaning of the workers' compensation act and

any tort claims seeking to recover against the employer for these injuries are barred by

the preclusivity provision of the workers' compensation act." Id. at 566 citing G.L. c.

152 sec. 24. In further rejecting the plaintiffs' "public policy" argument that there should

be an "exception from the workers compensation exclusivity for cases of rape, sexual

assault, and sexual harassment," the Court in Doe stated that "the plaintiffs ignore the fact

that the Legislature has provided employees with a separate remedy for sexual

harassment" under G.L. c. 151B. Id. at 566 noting Green v. Wyman-Gordon, supra,

discussed Section II C, above. In Doe, the husband and wife plaintiffs' negligence and

tort-based claims were dismissed entirely. Similarly in this case, for the reasons set forth

in Green, supra and Doe, supra, plaintiff's claims asserting negligent and intentional torts

against her employer are barred by the Massachusetts Workers Compensation Act , G.L.

c. 152 and must likewise be dismissed entirely.

    Plaintiff Tiffany Miranda's claim for negligent hiring and retention set forth in

Count IX of the complaint is treated no differently than any other claim of negligence

against A. C. Moore. Clarke v. Kentucky Fried Chicken of California, Inc., 57 F. 3d 21,

29 (1st Cir. 1995). In Clarke v. Kentucky Fried Chicken of California, Inc., the First

Circuit affirmed this Court's (Harrington, J.) dismissal of a plaintiff's claims of sexual

harassment and negligent hiring, retention and supervision holding that they were

precluded by the exclusivity provisions within G.L. c. 151B and the Workers'

Compensation Act, section 24. 57 F.3d 21 (1st Cir. 1995). In Clarke, the plaintiff alleged

that she had been "sexually harassed, physically assaulted, and subjected to attempted

rape by other KFC employees." Id. at 22. In affirming the dismissal of plaintiff's claim,

including her negligent hiring claim, the First Circuit stated that the Workers

Compensation Act "effectively preempted a broad range of civil action based on

employment-related emotional injury" and thus, plaintiff's "common law tort" and

negligence claims including negligent hiring and retention based upon acts occurring

during the course of employment were barred on preemption grounds. Id. at 29. See

also, Choroszy v. Wentworth, 915 F. Supp 446, 452-454 (1996).

The Plaintiffs' cannot distinguish the preceding case law which clearly bars them

from pursuing claims against the defendant based upon negligent and intentional torts

that occurred while Mrs. Miranda was working for her defendant employer. [2]  Pursuant to

the clear preclusive statutory language and the federal and state cases directly applying

the Workers' Compensation Act to those causes of action that constitute Counts III, V

and IX of the Plaintiffs' Complaint, said Counts must be dismissed for failure to state a

cause of action upon which relief can be granted.

> E.     Count VII Of The Plaintiffs' Complaint For Violations
>         of G.L. c. 93A Fails To State A Cause Of Action

Count VII of the Plaintiffs' Complaint alleges violations of G.L. c. 93A based

upon the alleged sexual assault that occurred while working for the defendant.  This

cause of action is not recognized in Massachusetts and must be dismissed. Doe v. Purity

Supreme, Inc., supra, 422 Mass. at 568 fn. 7 (citing Manning v. Zuckerman, 388 Mass.

815 (1983).  In Doe v. Purity Supreme, Inc., supra, the Massachusetts SJC held that 93A

claims against an employer arising out of an sexual assault by a co-employee "is not

cognizable under Massachusetts law." Id.  As set forth above, the plaintiff in Doe alleged

that she had been raped and sexually assaulted by a co-employee while working and

brought claims based upon negligence, tort, civil rights violations and violations of the

---

[2] The Workers Compensation Act "prevents an employee from bringing common-law tort claims against his employer for work-related injuries unless the employee has reserved his right to do so." See Choroszy et al. v. Wentworth Inst. of Technology, 915 F.Supp 446, 452 (D. Mass 1996)(emphasis added).  There is absolutely no allegation or suggestion in the Plaintiff's Complaint to suggest that plaintiff, Tiffany Miranda reserved such a right.

Massachusetts consumer protection law, G.L. 93A. Id. at 564. In dismissing all of the plaintiffs' claims, including her 93A claim, the Supreme Judicial Court affirmed the grant of summary judgment for the defendant because the plaintiffs failed to state a cognizable cause of action against the employer under 93A. Id. at 568, *citing* Manning v. Zuckerman, 388 Mass. 8, 15, (1983). The SJC has held that employment disputes are not cognizable under G.L. c. 93A. Doe, *supra* at 568 fn. 7; Manning, *supra* at 15. As the Court stated in Manning, "[h]owever broad as this [93A] protection is . . . the Legislature did not intend the statute to cover employment contract disputes between employers and the employees who work in the employer's organization, nor disputes between members of that organization arising out of the employment relationship." Manning v. Zuckerman, 388 Mass at 12. Disputes between an employee and his employer are principally "private in nature" and do not occur in the "ordinary conduct of any trade or commerce" as contemplated by G. L. c. 93A. Id. at 14.

For the foregoing reasons, Count VII of the Plaintiffs' Complaint based upon G.L. c. 93A fails to state a cause of action under Massachusetts' law. See Doe v. Purity Supreme, Inc., *supra*, Manning v. Zuckerman, *supra*. Accordingly, said Count should be dismissed in its entirety pursuant to Fed.R.Civ.P. 12(b)(6).

**F.**     Counts II, IV, VI, VIII and X Of The Plaintiffs' Complaint For Mr. Miranda's Loss Of Consortium Must Be Dismissed Since They Are Derivative Of Tiffany Miranda's Claims Which Themselves Are Barred

All five of Benjamin Miranda's claims against the defendant are premised on "loss of consortium" in his capacity as Tiffany Miranda's spouse and must be dismissed. See Counts II, IV, VI, VIII & X of the Complaint. Under Massachusetts law "a claim for loss of consortium requires proof of a tortious act that caused the claimant's spouse

10

personal injury" and there is an "implicit perquisite that the injured spouse have a viable claim." <u>Sena et al. v. Commonwealth et al.</u>, 417 Mass. 250, 264 (1994). It is well settled that where "neither plaintiff has a viable claim for personal injury," the "claims for loss of consortium fail." <u>Id</u>. at 264-265.

Benjamin Miranda's loss of consortium claims are clearly "derivative" of Mrs. Miranda's and must be dismissed. See Counts II, IV, VI, VIII, and X of Plaintiffs' Complaint. As set forth above, Benjamin Miranda's wife, Tiffany Miranda, has no viable claims and therefore this Court must dismiss the derivative loss of consortium claims as well. <u>Sena</u>, *supra*. Such claims cannot survive on their own. <u>Id</u>. Accordingly, since Mrs. Miranda's claims are barred by Massachusetts law, Mr. Miranda's loss of consortium claims must likewise be dismissed.

**III.**                              **CONCLUSION**

For the foregoing reasons, the defendant, A.C. Moore respectfully requests that this Court grant its Motion to Dismiss the Plaintiffs' Complaint on the grounds set forth in this support memorandum.

11

## REQUEST FOR HEARING

The defendant, A.C. Moore Arts & Crafts, Inc., hereby requests a hearing on this motion.

A.C. MOORE ARTS & CRAFTS, INC.
BY ITS ATTORNEYS,

/s/ Mathew P. Barry
Emily G. Coughlin, BBO# 554526
Mathew P. Barry, BBO#657559
Ryan, Coughlin & Betke, LLP
175 Federal Street
Boston MA 02110
(617) 988-8050

### Certificate of Service

I Mathew P. Barry hereby certify that on the 28th day of December, 2004 a true copy of the above document was served upon plaintiffs' attorney, Anthony Bott, Esq., the attorney of record by first class mail postage prepaid to: Anthony Bott, Esq., Eight Beach Road, P.O. Box 1137, East Orleans, MA 02643.

/s/ Mathew P. Barry
Mathew P. Barry

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 JUN 15  P 2: 39

# 04  1133 7  EFH

CIVIL ACTION NO. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| TIFFANY MIRANDA and<br>BENJAMIN MIRANDA,<br>　　Plaintiffs | )<br>)<br>)<br>) |
| vs. | )<br>)<br>) |
| A.C. MOORE ARTS & CRAFTS, INC.,<br>　　Defendant | )<br>)<br>)<br>) |

MAGISTRATE JUDGE Alexander

COMPLAINT
AND
DEMAND FOR JURY TRIAL

RECEIPT # ____ 56606
AMOUNT $ 150
SUMMONS ISSUED YES
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DPTY. CLK. E.O.M
DATE 6/15/04

## INTRODUCTION

　　This is a 28 U.S.C. §1332 Diversity of Citizenship Action sounding in Tort and set forth in ten (10) Counts.  The Plaintiffs seek Ten Million ($10,000,000.00) Dollars in redress and compensation for the sexual assault and battery and rape of the Plaintiff, Tiffany Miranda (hereinafter: "Mrs. Miranda") as well as the life-altering psychological pain and suffering caused thereby to Mrs. Miranda and the concomitant, derivative damages for her husband, the Plaintiff, Benjamin Miranda (hereinafter: "Mr. Miranda") caused by the tortious acts, practices, omissions and negligence of the Defendant, A.C. Moore Arts & Crafts, Inc. (hereinafter: "ACM").

## PARTIES

1.　　The Plaintiffs, Mr. and Mrs. Miranda, are husband and wife and at all times material hereto were residents of 224 Main Street, Apartment 15, Dennisport, Town and County of Barnstable, Massachusetts.

2.　　The Defendant, ACM, is a business corporation duly incorporated within the State of Pennsylvania and at all times material hereto maintained its principal place of business and business corporation headquarters at 500 University Court in Blackwood, Camden County, New Jersey.  ACM maintains one of some seventy (70) retail stores in Hyannis, in the Town and County of Barnstable, Massachusetts.

## JURISDICTION

3.     Jurisdiction of this Honorable Court – inter alia – is based upon 28 U.S.C., Section 1332, Diversity of Citizenship, as the amount in controversy well exceeds the sum or value of $75,000.00 exclusive of interests and costs, diversity of citizenship exists between the parties, and the Defendant, ACM, which maintains a large retail store in Hyannis, Barnstable County, Massachusetts, is clearly subject to this Court's jurisdiction.

## STATEMENT OF FACTS

4.     On or about June 15, 2001, Mrs. Miranda was employed at the Hyannis, Massachusetts ACM retail store which – upon information and belief – encompasses 18,000 square feet of selling space alone.

5.     As of June 15, 2001, despite the large size of this retail store and the obvious responsibilities the operation of the same entailed, the ACM Supervisor for said store, one Russell Harris (hereinafter: "Mr. Harris"), had regularly and habitually left work early on certain evenings as ACM knew or should have known in the proper and safe and secure operation of its large retail Hyannis store facility.

6.     As of June 15, 2001, ACM knew or should have known that Mr. Harris habitually left ACM's Hyannis store early and should have prevented this routine, reckless conduct of Mr. Harris.

7.     On the evening of Friday, June 15, 2001 Mr. Harris left work early thereby allowing the Hyannis facility to be unsupervised and leaving Mrs. Miranda in the presence of another co-employee, one Anthony Domenichelli (hereinafter: "Mr. Domenichelli").

8.     At said time and place Mr. Domenichelli upon the clear and express pretext of requiring Mrs. Miranda's assistance for the performance of certain tasks and duties which were within his scope of employment (as he told Mrs. Miranda that he had tasks he needed her assistance in which were of the kind he was employed to perform by ACM and said tasks would have occurred substantially within the authorized time and space limits and motivated at least in part by a purpose from which ACM would have been served and from which ACM would have benefitted), lured Mrs. Miranda into a remote section of the large Hyannis store, in the back or rear of the store where the Framing Department was, and thereafter violently sexually assaulted, battered and raped Mrs. Miranda.

Page 2 of 9

9.  As a result of this terrifying and traumatic incident Mrs. Miranda has to date suffered psychologically on a daily basis, has been unable to attend to her usual activities and for long periods of time has been unable to work at any potential job site because of the trauma inflicted upon her by this incident.

## COUNT I – ACM NEGLIGENCE/VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT MASSACHUSETTS GENERAL LAWS CHAPTER 12, SECTIONS 11H-11I/SEXUAL ASSAULT AND BATTERY

10. The Plaintiffs repeat and reallege as part of this Count each and every allegation contained in paragraphs numbered one (1) through nine (9) with the same force and effect as though fully set forth herein.

11. The catastrophic, life-altering and traumatic sexual assault and battery upon Mrs. Miranda, as afore-described, on June 15, 2001, was clearly the result of the intentional, violent acts of ACM's employee or agent who, with the express pretext of acting on behalf of ACM and within the scope of his employment, not only assaulted, battered and raped Mrs. Miranda but violated her Civil Rights as secured and protected by the Massachusetts Civil Rights Act, Chapter 12, §§ 11H-through I.

12. Prior to this assault, battery and rape, the Plaintiff, Mrs. Miranda, was an energetic, happy, well-adjusted individual and wife, fully capable of an active, healthy and vital lifestyle. As the direct and proximate result of the afore-described sexual assault, battery and rape for which ACM is vicariously liable, Mrs. Miranda suffered and will continue to suffer from a catastrophic and life-altering attack with concomitant and continuing severe psychological pain and suffering. Mrs. Miranda has been profoundly affected in all her life's activities as a result of this totally unnecessary violent attack. Mrs. Miranda has further been caused to seek professional assistance to deal with the effects of this traumatic attack and has been psychologically hampered from seeking further employment. Moreover, Mrs. Miranda's general ability to enjoy life and engage in her normal activities has been critically and permanently impaired and she suffers from chronic, daily depression, generalized fear and hopelessness which have acutely diminished her quality of life.

WHEREFORE, THE PLAINTIFF, TIFFANY MIRANDA, DEMANDS JUDGMENT AGAINST THE DEFENDANT, ACM, IN THE AMOUNT OF TEN MILLION ($10,000,000.00) DOLLARS TOGETHER WITH INTEREST AND ALL COSTS OF THIS ACTION.

## COUNT II – ACM NEGLIGENCE/VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT MASSACHUSETTS GENERAL LAWS CHAPTER 12, SECTIONS 11H-11I/SEXUAL ASSAULT AND BATTERY/ LOSS OF CONSORTIUM

13.    The Plaintiff, Benjamin Miranda, is the husband of the Plaintiff, Mrs. Miranda, and repeats and realleges as part of this count each and every allegation contained in paragraphs one (1) through twelve (12) with the same force and effect as though fully set forth herein.

14.    As the direct and proximate result of the sexual assault, battery and rape engendered by the tortious conduct of ACM as hereinabove set forth in detail, the Plaintiff, Mrs. Miranda, has been caused critical and permanent pain and suffering for the balance of her life, and, as a direct and proximate result thereof the Plaintiff, Mr. Miranda, has been caused to suffer the continuing and permanent loss of his wife's otherwise normal and usual society, companionship, care, protection, assistance, advice, consortium and intimate relationship and/or the critical impairment thereof for the balance of Mrs. Miranda's life.

WHEREFORE, THE PLAINTIFF, MR. MIRANDA, DEMANDS JUDGMENT AGAINST THE DEFENDANT, ACM, IN THE AMOUNT OF TEN MILLION ($10,000,000.00) DOLLARS TOGETHER WITH INTEREST AND ALL COSTS OF THIS ACTION.

## COUNT III – ACM RATIFICATION OF EMPLOYEE'S INTENTIONAL TORT

15.    The Plaintiffs repeat and reallege as part of this Count each and every allegation contained in paragraphs numbered one (1) through fourteen (14) with the same force and effect as though fully set forth herein.

16.    ACM ratified the intentional tort of Mr. Domenichelli by failing to investigate and discipline said employee and by failing to disavow Mr. Domenichelli's unauthorized action and to mitigate the harm caused to Mrs. Miranda once the facts surrounding Mr. Domenichelli's violent sexual assault, battery and rape upon Mrs. Miranda were ascertained.

17.    As a result of ACM's ratification of Mr. Domenichelli's aforesaid intentional torts Mrs. Miranda's above-described pain and suffering was augmented and exacerbated.

WHEREFORE, THE PLAINTIFF, MRS. MIRANDA, DEMANDS JUDGMENT AGAINST THE DEFENDANT, ACM, IN THE AMOUNT OF TEN MILLION ($10,000,000.00) DOLLARS TOGETHER WITH INTEREST AND ALL COSTS OF THIS ACTION.

## COUNT IV – ACM RATIFICATION OF EMPLOYEE'S INTENTIONAL TORT/LOSS OF CONSORTIUM

18.    The Plaintiff, Mr. Miranda, is the husband of the Plaintiff, Mrs. Miranda and repeats and realleges as part of this Count each and every allegation contained in paragraphs one (1) through seventeen (17) with the same force and effect as though fully set forth herein.

19.    As the direct and proximate result of the aggravation and exacerbation of Mrs. Miranda's pain and suffering as outlined in the previous Count III, given the critical and permanent affects upon Mrs. Miranda, the Plaintiff Mr. Miranda has been caused to suffer the permanent loss of his wife's otherwise normal and usual society, companionship, care, protection, assistance, advice, consortium and intimate relationship and/or the critical impairment thereof for the balance of Mrs. Miranda's life.

WHEREFORE, THE PLAINTIFF, MR. MIRANDA, DEMANDS JUDGMENT AGAINST THE DEFENDANT, ACM, IN THE AMOUNT OF TEN MILLION ($10,000,000.00) DOLLARS TOGETHER WITH INTEREST AND ALL COSTS OF THIS ACTION.

## COUNT V – ACM NEGLIGENCE

20.    The Plaintiff, Mrs. Miranda, repeats and realleges as part of this Count each and every allegation contained in paragraphs numbered one (1) through nineteen (19) with the same force and effect as though fully set forth herein.

21.    As the direct result of the negligence of ACM in failing to implement and enforce measures whereby a Supervisor was at the Hyannis store at all times and in this instance ACM's failing to correct the risks and dangers precipitated by the Supervisor's, Russell Harris's, regular and habitual practice of routinely shirking his duties and leaving the huge Hyannis store well before he was authorized to, the otherwise totally avoidable heinous and reasonably foreseeable conduct of Mr. Domenichelli, to wit, his violent sexual assault, battery and rape of Mrs. Miranda, was engendered and actualized to the devastating physical and ongoing psychological harm of Mrs. Miranda.

WHEREFORE, THE PLAINTIFF, MRS. MIRANDA, DEMANDS JUDGMENT AGAINST THE DEFENDANT, ACM, IN THE AMOUNT OF TEN MILLION ($10,000,000.00) DOLLARS TOGETHER WITH INTEREST AND ALL COSTS OF THIS ACTION.

## COUNT VI – ACM NEGLIGENCE/
## LOSS OF CONSORTIUM

22.    The Plaintiffs repeat and reallege as part of this Count each and every allegation contained in paragraphs numbered one (1) through twenty-one (21) with the same force and effect as though fully set forth herein.

23.    As the direct and proximate cause of the negligence of ACM as above-detailed ACM effectively allowed Mr. Domenichelli to foreseeably sexually assault, batter and rape Mrs. Miranda to her great physical and psychological harm and detriment. Accordingly, the Plaintiff, Mr. Miranda, has been caused to suffer the permanent loss of his wife's otherwise normal and usual society, companionship, care, protection, assistance, advice, consortium and intimate relationship and/or the critical impairment thereof for the balance of Mrs. Miranda's life.

WHEREFORE, THE PLAINTIFF, MR. MIRANDA, DEMANDS JUDGMENT AGAINST THE DEFENDANT, ACM, IN THE AMOUNT OF TEN MILLION ($10,000,000.00) DOLLARS TOGETHER WITH INTEREST AND ALL COSTS OF THIS ACTION.

## COUNT VII - ACM VIOLATION OF MASSACHUSETTS GENERAL LAWS
## CHAPTER 93A

24.    The Plaintiffs repeat and reallege as part of this Count each and every allegation contained in paragraphs numbered one (1) through twenty-three (23) with the same force and effect as though fully set forth herein.

25.    ACM's acts and practices in this instance in failing to comply with its own existing safety rules, regulations and guidelines promulgated for the protection of any consumer/person within the ACM premises (originally generated in part upon information and belief to comply with Massachusetts Law) created a situation which invited and engendered certain foreseeable risks and dangers in the operation of a retail store of such enormous size and said failure proximately allowed and caused the traumatic sexual assault, battery and rape which occurred on the person of Mrs. Miranda to her great physical and psychological harm and suffering.

WHEREFORE, THE PLAINTIFF, MRS. MIRANDA, DEMANDS JUDGMENT AGAINST THE DEFENDANT, ACM, IN THE AMOUNT OF TEN MILLION ($10,000,000.00) DOLLARS TOGETHER WITH INTEREST AND ALL COSTS OF THIS ACTION AND FURTHER DEMANDS PUNITIVE DAMAGES BY AN AWARD OF DOUBLE OR TREBLE THE ACTUAL DAMAGES FOUND AS WELL AS ATTORNEY AND EXPERT FEES.

## COUNT VIII - ACM VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 93A/LOSS OF CONSORTIUM

26.    The Plaintiffs repeat and reallege as part of this Count each and every allegation contained in paragraphs numbered one (1) through twenty-five (25) with the same force and effect as though fully set forth herein.

27.    As a direct and proximate result of ACM's violation of the Massachusetts Consumer Protection Statute, Massachusetts General Laws, Chapter 93A as afore-described, Mrs. Miranda was caused to suffer a heinous sexual assault, battery and rape which has profoundly affected her for the balance of her life. The Plaintiff, Mr. Miranda, has accordingly been caused to suffer the permanent loss of his wife's otherwise normal and usual society, companionship, care, protection, assistance, advice, consortium and intimate relationship and/or the critical impairment thereof for the balance of Mrs. Miranda's life.

WHEREFORE, THE PLAINTIFF, MR. MIRANDA, DEMANDS JUDGMENT AGAINST THE DEFENDANT, ACM, IN THE AMOUNT OF TEN MILLION ($10,000,000.00) DOLLARS TOGETHER WITH INTEREST AND ALL COSTS OF THIS ACTION AND FURTHER DEMANDS PUNITIVE DAMAGES BY AN AWARD OF DOUBLE OR TREBLE THE ACTUAL DAMAGES FOUND AS WELL AS ATTORNEY AND EXPERT FEES.

## COUNT IX – ACM'S NEGLIGENT HIRING AND RETENTION

28.    The Plaintiffs repeat and reallege as part of this Count each and every allegation contained in paragraphs numbered one (1) through twenty-seven (27) with the same force and effect as though fully set forth herein.

29.    Upon information and belief, ACM negligently hired and/or retained either or both of Mrs. Miranda's co-employees, Mr. Domenichelli and her Supervisor, Mr. Harris, when ACM knew or should have known that either or both of said co-

employees were persons unworthy by their habits, immaturity, irresponsibility, temperament or nature to deal with other persons including in this instance Mrs. Miranda invited to the Hyannis retail store premises by ACM.

30.    ACM's knowledge – upon information and belief – of the past acts of impropriety, immaturity, irresponsibility, violence, or disorder on the part of either or both of said employees was sufficient to forewarn ACM that said co-employees' employment should not have been continued as it was up and until the date of the perpetration of the heinous sexual assault and battery and rape of Mrs. Miranda on June 15, 2001.

31.    The foregoing is *a fortiori* evident given that the aforesaid Mr. Harris regularly, routinely and habitually left the huge Hyannis ACM retail store/premises totally unsupervised notwithstanding the foreseeable risks and dangers engendered by such tortious conduct.

32.    As a direct and proximate result of ACM's negligent hiring and retention of one or both of the aforesaid employees, upon information and belief, Mrs. Miranda was assaulted, battered and raped on June 15, 2001 and has thereby incurred extreme physical and severe, ongoing psychological pain and suffering.

WHEREFORE, THE PLAINTIFF, MRS. MIRANDA, DEMANDS JUDGMENT AGAINST THE DEFENDANT, ACM, IN THE AMOUNT OF TEN MILLION ($10,000,000.00) DOLLARS TOGETHER WITH INTEREST AND ALL COSTS OF THIS ACTION.

## COUNT X – ACM'S NEGLIGENT HIRING AND RETENTION/ LOSS OF CONSORTIUM

33.    The Plaintiff, Mr. Miranda, is the husband of Mrs. Miranda, and repeats and realleges as part of this Count each and every allegation contained in paragraphs numbered one (1) through thirty-two (32) with the same force and effect as though fully set forth herein.

34.    As the direct and proximate result of the negligence of the Defendant, ACM, as hereinabove set forth in detail, the Plaintiff, Mrs. Miranda, was caused critical and permanent physical and psychological pain and suffering for the balance of her life. Accordingly, Mr. Miranda has been caused to suffer the permanent loss of his wife's otherwise normal and usual society, companionship, care, protection, assistance, advice, consortium and intimate relationship and/or the critical impairment thereof for the balance of her life.

WHEREFORE, THE PLAINTIFF, MR. MIRANDA, DEMANDS JUDGMENT AGAINST THE DEFENDANT, ACM, IN THE AMOUNT OF TEN MILLION ($10,000,000.00) DOLLARS TOGETHER WITH INTEREST AND ALL COSTS OF THIS ACTION.

## PLAINTIFF'S DEMAND FOR TRIAL FOR JURY

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, RULE 38, THE PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY OF ALL ISSUES IN THIS ACTION TRIABLE OF RIGHT BY A JURY.

Plaintiffs, Tiffany Miranda and
Benjamin Miranda,
By their Attorney,

Anthony R. Bott, Esq.
BBO # 040450
Anthony R. Bott, P.C.
Eight Beach Road
P.O. Box 1137
East Orleans, MA 02643
(508) 240-2700

Dated:  June 15, 2004

Page 9 of 9